L. S. HARVARD, *Plaintiff in Error*, v. HADDIE V. BANKS, *Defendant in Error*.

Where there is evidence to sustain the finding of a referee that an alteration made in the name of the grantee in a deed of conveyance of land was made before the deed was finally delivered and recorded, and error is not made to appear, such finding will not be disturbed on appeal.

Appealed from the Circuit Court of Suwannee County.

The facts in the case are stated in the opinion of the court.

*Humphreys & Blackwell,* for Plaintiff in Error;

*L. E. Roberson,* for Defendant in Error.

WHITFIELD, C. J.—In an action of ejectment there was judgment by a referee for the plaintiff and defendant took writ of error.

Plaintiff showed title by devise from her mother, Mrs. N. E. Green who had a recorded deed of conveyance from J. H. T. Bynum. The defendant claimed by deed from R. R. Green who had been the husband of Mrs. N. E. Green in her life time. The defendant offered in evidence the original deed from J. H. T. Bynum to Mrs. N. E. Green to show that it was executed and delivered to "R. R." Green as grantee, and that the name of the grantee was after delivery altered to "Mrs. N. E." Green.

The alteration is parent on the face of the deed and is material. The burden was upon the plaintiff who claimed under the deed to show that the alteration, was made before it was delivered. See Calhoun v. McKay decided this term.

The evidence shows that the deed was written by J. H. T. Bynum the grantor. He testified that he delivered the deed with "R. R. Green" as the grantee named therein and that he did not make the alteration. The altered portion "Mrs. N. E." is in different ink, but apparently in the same handwriting as the balance of the writing in the deed, the original of which was sent here with the record. R. R. Green testified as to the alteration of "R. R." to "Mrs. N. E." that he "either wrote it or the person who prepared the deed wrote it." This witness then wrote "Mrs. N. E." on a slip of paper which accompanies the record, and it is clear that his writing is wholly unlike that in the deed.

The circumstances indicate that R. R. Green requested the grantor J. H. T. Bynum to change the name of the grantee to that of his wife, and that Bynum did so and redelivered the deed to R. R. Green. The hand writing seems to be that of Bynum the grantor who doubtless forgot the request to change and the act of changing the name of the grantee. R. R. Green had the deed recorded with Mrs. N. E. Green as the grantee.

There is in the evidence a sufficient basis for the finding of the referee, which in effect sustains the deed as a conveyance to Mrs. N. E. Green, who devised the land to the plaintiff below.

There was no sufficient showing of newly discovered evidence to warrant the granting of a new trial.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.